Good morning. Good morning, Mr. Siegel. Adam Siegel on behalf of the Trustees of Labor's Joint Trust Funds. To be candid, my case factually is as dull as dirt, but it does raise an interesting and important question, at least in our view. I represent... Some people think money is interesting. Right. Only interesting to attorneys. Okay. I represent Employee Benefit Trust Funds regulated by ERISA. We sued Summit Landscaping for unpaid employee benefit contributions and Summit's general contractor under Nevada's general contractor liability statute and the two bonding companies who had issued bonds covering the project where the work occurred. Following discovery, we moved for summary judgment, and as required by ERISA, we're entitled under 29 U.S.C. 1132 to an award of all the contributions, interest, liquidated damages. But a funny thing happened on the way to attorneys' fees, which brings us here today. Mr. Allen, let me, if I may, just make an assertion and see where you disagree with it. I can't tell exactly what the district court did. It is possible or probable that it held that paralegal and law clerk time is not recoverable as a matter of law, as part of your attorney's fees award. And I think that would be incorrect. It's also possible that the district judge looking at the record concluded that there's no substantiation for the market rate or the going rate in the community for paralegal or law clerk time because there isn't any. And the same thing, basically, it seems to me to be the case with respect to the pass-through of costs, certain out-of-pocket expenses as attorney's fees. While it would be incorrect to say as a matter of law they're not recoverable, there's nothing in the record to substantiate that that's a common practice or well-accepted practice in the community and whether, in fact, these expenses that you seek were passed through to your clients routinely. So sorry for the long-winded assertion, but it seems to me that that's where we are. And if that's true, then why don't you just remand correcting the law and let the chips fall where they may again in the district court? That's ultimately what we've requested. I would only disagree with the Court to the extent that I think the order is sufficiently clear that the judge did not award costs because it focused solely on taxable costs and ignored the argument that non-taxable costs should be included. I don't think either any of the defendants nor the judge ever questioned whether the affidavits and the billing statements were sufficient to determine those costs. And secondly, as to attorney's fees, I would assert that it's equally clear the judge made a legal determination the paralegal fees were not allowed. But on my assertion, it doesn't matter much. Either way, it's a remand. Either way, it's a remand. I agree. All right. Perhaps we unless somebody has a question for you. I've got one question, but I think it'll just be a very quick one, and it's very much along the same line. What's your position on computer-assisted legal research, whether where the law ought to be? That it ought to be recoverable as part of fees because it is routinely, typically, and as a matter of practice passed on to the clients. In addition. Or if it is, yes. In addition, it's a cost savings to the clients because nowadays it's, if you know what you're doing, it clearly cuts down on the attorney's time. That's all I need to know from you for now. Thank you. You're appealing that ruling as well? Well, as to all the additional non-taxable costs, that is encompassed by it as well. Okay. That's actually the one point as I went through the order and had the same reaction that my colleagues have. That's the one point where his discussion of costs appears to shift away from taxable costs to whether that should be part of attorney's fees. And I was kind of puzzled as to why he hadn't taken that approach earlier, but I have the same perplexity that my colleagues do. So unless you have something further to say on that. Just one thing that doesn't appear in the record, but after ten years of working with ERISA plans, all these items, especially using paralegals on these cases, certainly that reduces the cost to the plans, which is important. But given the way ERISA is set up, to assess those costs against the losing employers on these cases, ultimately, it saves those employers money too, assuming that those costs are going to end up on their tab, which is often the case in ERISA collection cases. So I think that's a point that deserves being part of the record as well. Okay. Perhaps we should hear from Mr. Lam. I understand. Good morning, Your Honors. Okay. Tang Wen on behalf of the defendants. Why am I wrong? I first want to say that I've been practicing for nine years now and I still get butterflies when I do things new and it's my first time doing this and I hope I don't embarrass myself too much. As they say on the radio shows, first time caller. Okay. But a longtime listener, I trust. To basically cut to the chase, Your Honor, I do agree that if you're leaning towards the fact that with regard to the lower court's analysis of reasonable attorney's fees should be remanded either way, I agree to a certain extent. I do believe that it was a factual finding that the court made, but if the court believes that whether it be legal or factual that needs to be remanded so the court can clarify itself, then I will submit to that. With regard to the costs, Your Honor, in reviewing all the papers, I noticed that the plaintiffs have basically said that they've conceded that costs under ERISA basically should fall under 1920, but they're trying to create a nexus between the fact that costs under the Civil Rights Act, certain costs, the costs that they're requesting for reimbursement should be included in reasonable attorney's fees. But since the Civil Rights Attorney Fees Award Act of 1976, which was enacted 30 years ago, there have been case after case after case that has said that those costs should be included. But with regard to ERISA, which in this particular case was enacted in 1974, there has not been one case that has substantiated that. In fact, there's been a case, Al-Gradano, that has basically said that those costs, as the Supreme Court has stated, should be limited to those found under 42 U.S.C. 1920 or, excuse me, 28 U.S.C. 1920, which have been delineated, which the court recognized in its order. And the only way that opposing counsel has argued that you can make that nexus is a case that cites to a footnote that says that the U.S. Supreme Court says that you should analyze all fee-shifting cases the same. That is grand. That is a very grand statement. But if you read the case, that footnote specifically is limited to the analysis of who a prevailing party should be. It does not say that everything under the sun having to do with fee-shifting statute should be analyzed the same way. It does not say that costs should be analyzed the same way. It only says that a prevailing party in those analyses should be analyzed the same way. Therefore, the cost that they are asking for now cannot be reimbursed to them, because the Ninth Circuit has already stated it cannot. And that's all right. All right. Well, your butterflies should be out the window. It's fine. Thank you very much for your argument. Mr. Siegel. Siegel. Just briefly on that point, the U.S. Supreme Court's decision in Hensley v. Eckhart, granted in footnote 7, that is true, it is a footnote, but it does clearly say the standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a prevailing party. ERISA collection actions are one of those instances. So if outside of the ERISA context, non-taxable costs should be considered in an award of fees, then within the ERISA context that should be applied. If there were going to be a division, it might be between remedial statutes like the Civil Rights Act and those that aren't. But ERISA falls over here with the remedial statutes. So for those reasons, the provision for attorneys' fees under ERISA should be on similar footing as those in the Civil Rights Act cases where non-taxable costs have been included in those awards. MS. GOTTLIEB All right. Thank you, counsel, for the matter. The matter just argued will be submitted.
judges: Rymer, W. Fletcher, Clifton